IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HEBER PINEDA-GUZMAN, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 20-CV-180 |
| | § | |
| VALENTIN MACHUCA CRUZ *and* | § | |
| AUTOTRANSPORTES ROMEDU | § | |
| S.A. de C.V., | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, HEBER PINEDA-GUZMAN, Plaintiff in the above-styled and numbered cause, and files this Original Complaint, complaining of an about VALENTIN MACHUCA CRUZ and AUTOTRANSPORTES ROMEDU S.A. de C.V. (hereinafter "Romedu"), Defendants, and in support thereof would respectfully show unto this Court as follows:

1.
Parties and Service

1.1     Plaintiff, Heber Pineda-Guzman, is an individual residing in Brownsville, Cameron County, Texas, and brings this action individually.

1.2     Defendant, Valentin Machuca Cruz, is an individual residing in Matamoros, Tamaulipas, Mexico, and may be served with process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Valentin Machuca Cruz at the following address:  52 Sierra de la Palma, Matamoros, Tamaulipas, Mexico.

1.3     Defendant, Autotransportes Romedu S.A. de C.V., is a foreign corporation organized and existing under the laws of Mexico and may be served with process by serving the registered agent for the company, Juan Turrubiates, 970 S. Indiana, Brownsville, Texas 78521.

2.
Jurisdiction and Venue

2.1     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, Brownsville Division.

2.3     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

3.
Factual Background

3.1     This lawsuit arises from a motor vehicle collision that occurred on or about August 13, 2020.  At approximately 1:52 p.m., Mr. Pineda-Guzman was the restrained driver of a 2013 Volkswagen Passat that was stationary for a red traffic light on the outer northbound lane of U.S. Hwy 77 in Brownsville, Cameron County, Texas.

3.2     At said date, time, and location, Defendant Cruz was operating a 2005 Kenworth tractor, while towing a trailer, and also traveling south on U.S. Hwy 77, while in the course, scope, and in furtherance of his employment with Defendant Romedu.  The collision occurred when Defendant Cruz suddenly and unexpectedly failed to control his speed and forcefully rear-ended Mr. Pineda-Guzman's vehicle.

3.3     As a direct and proximate result of the collision, Plaintiff has suffered physical and emotional injuries and damages.  As a result of the physical and emotional injuries, Plaintiff has incurred reasonable and necessary medical expenses and, in all probability, will continue to incur reasonable and medical expenses well into the future.

3.4     At the time of the collision, Defendant Cruz was an employee of Defendant Romedu and was acting within the course, scope, and in furtherance of his employment.  Pleading further and in the alternative, Defendant Cruz was a statutory employee under the Statutory Employee Doctrine.  In this regard, and interstate motor carrier such as Defendant Romedu is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997).  As a result, Defendant Romedu had exclusive control of the tractor-trailer combination operated by Defendant Cruz, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000).  Thus, Defendant Romedu is vicariously liable, as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Cruz.

3.5     Alternatively, Defendant Romedu is vicariously liable with respect to all negligent acts and/or omissions by Defendant Cruz under traditional common-law doctrines of the master-servant relationship and *respondeat superior.*

4.
Cause of Action Against Defendant Cruz

4.1     Defendant Romedu is the responsible party for the actions of its employee, Defendant Cruz, who was acting within the course and scope of his employment.

4.2     Under the doctrine of *respondeat superior*, Defendant Romedu, is vicariously liable for the actions of its employee, Defendant Cruz, while in the course and scope of his employment.

The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant Romedu's employee in one or more of the following particulars:

4.2.1   In that Defendant Cruz failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

4.2.2   In that Defendant Cruz failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

4.2.3   In that Defendant Cruz failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.4   In that Defendant Cruz failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.5   In placing Plaintiff in a position of peril due to Defendant Cruz's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

4.2.6   In failing to control his speed or take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.7   In failing to use the tractor's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

4.2.8   Defendant Cruz operated his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.2.9   Defendant Cruz failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.2.10  Defendant Cruz failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

4.2.11  Defendant Cruz operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

4.2.12  Defendant Cruz failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

4.2.13  Defendant Cruz drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15.

4.3     Plaintiffs' injuries were proximately caused by Defendant Cruz's negligent, careless and reckless disregard of said legal duties.

4.4     Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future.

4.5     The above-referenced acts and/or omissions by Defendant Cruz constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.   Defendant Cruz was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Cruz was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.6     Defendant Cruz's acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.7     Defendant Cruz had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.8     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.
Causes of Action Against Defendant Romedu

5.1     Defendant Romedu is liable under the doctrine of *respondeat superior* in that Defendant Cruz was operating the vehicle in the course and scope of his employment with Defendant Romedu at the time of the collision, and Defendant Cruz was engaged in the furtherance of Defendant Romedu's business.

5.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Cruz was engaged in accomplishing a task for which Defendant Cruz was employed. Thus, Plaintiff invokes the legal doctrine of *respondeat superior* against Defendant Romedu.

5.3     Furthermore, Defendant Romedu was independently negligent in one or more of the following respects:

    a.     negligent hiring of Defendant Cruz;
    b.     negligent entrustment of the vehicle to Defendant Cruz;
    c.     negligent driver qualification of Defendant Cruz;
    d.     negligent training and supervision of Defendant Cruz;
    e.     negligent retention of Defendant Cruz;
    f.     negligent contracting of Defendant Cruz; and,
    g.     negligent maintenance of the subject commercial motor vehicle.

5.4     As described herein, Defendant Romedu was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.5     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, as well as the damages and other losses to Plaintiff.

5.6     The above-referenced acts and/or omissions by Defendant Romedu constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant Romedu was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.7     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.8     Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

6.
Exemplary Damages

6.1     Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.  The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.2     Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury.

7.
Damages for Heber Pineda-Guzman

7.1     As a direct and proximate result of the actions of Defendants as set forth above,

Plaintiff, Heber Pineda-Guzman, sustained personal injuries which have resulted in losses and

damages recoverable by law.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss

Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint,

but also in terms of good health and freedom from physical and mental pain and suffering.  There

are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this

case separately consider to determine the sum of money for each element that will fairly and

reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred

in the future.

7.3     From the date of the incident in question until the time of trial of this case, those

elements of damages to be considered separately and individually for the purposes of determining

the sum of money that will fairly and reasonably compensate Plaintiff for each element are as

follows:

> 7.3.1   Reasonable medical care and expenses in the past. These expenses were
> incurred by the Plaintiff, Heber Pineda-Guzman, for the necessary care and
> treatment of the injuries resulting from the accident complained of herein
> and such charges are reasonable and were usual and customary charges for
> such services in Texas;

> 7.3.2   Physical pain and suffering that the Plaintiff has suffered from the date of
> the incident in question to the time of trial;

> 7.3.3   The damages resulting from the physical impairment suffered by Plaintiff
> and the resulting inability to do those tasks and services that Plaintiff
> ordinarily would have been able to perform; and

7.3.4   The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4   From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

7.4.1   The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

7.4.2   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

7.4.3   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

7.4.4   Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

7.4.5   The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8.
## Interest on Damages

8.1   To the extent provided by law, Plaintiff further pleads for *pre* and *post* judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court.  Plaintiff pleads that if he is not allowed such pre and post judgment interest, he would not be fully compensated, and that he would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

## 9.
## Jury Demand

9.1   Plaintiff requests a trial by jury.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Heber Pineda-Guzman, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: **/s/ Daniel Torres**
      Daniel A. Torres
      State Bar No. 24046985
      daniel@jvlawfirm.com
      Javier Villarreal
      State Bar No. 24028097
      jv@jvlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**
**LAW OFFICES OF JAVIER VILLARREAL, P.L.L.C.,**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877